

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,150-02

**EX PARTE JEFFREY MCDONALD, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 963695 IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to seventeen years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that he is actually innocent of the offense based on the recantation of the complainant, and that trial counsel's errors caused his guilty plea to be involuntary. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002); *Strickland v. Washington*, 466 U.S. 668 (1984). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If possible, the trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which, at a minimum, the complainant shall be called to testify.

Before the trial court holds a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient. The court shall also makes findings addressing whether, but for those alleged errors, Applicant would not have pleaded guilty and would have insisted on a trial. Additionally, the trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that the complainant's recantation proves he is actually innocent of the offense. The trial court shall make specific findings addressing the complainant's credibility. The trial court shall specifically weigh the evidence of Applicant's guilt against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  February 4, 2015
Do not publish